IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TONYA EVANS, <br><br> Plaintiff, <br><br> v. <br><br> GANNETT PUBLISHING SERVICES, LLC, <br><br> Defendant. | Case No. 1:19-cv-02865 <br><br> Honorable Judge Pamela Barker <br><br> **FIRST AMENDED COMPLAINT** <br><br> **JURY DEMANDED** |

Now comes the Plaintiff, TONYA EVANS ("Plaintiff"), by and through her attorneys, and for her First Amended Complaint against the Defendant, GANNETT PUBLISHING SERVICES, LLC ("Defendant"), Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1.  This is an action for damages and equitable and injunctive relief for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4.  All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a.  Plaintiff filed a Charge of Discrimination, number 532-2019-02488, with

1

the Equal Employment Opportunity Commission ("EEOC") on or about July 30, 2019.

b. The EEOC issued a Notice of Right to Sue to Plaintiff for said charge on September 13, 2019.

## PARTIES

5. Plaintiff is an individual who at various relevant times resided in Galion, Crestline, and Mansfield, Ohio.

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which is registered with the Secretary of State to do business in Ohio, and whose principal place of business is located in McLean, Virginia.

7. Plaintiff and Defendant are "persons" as defined in 42 U.S.C. § 2000e(a).

8. Defendant is also an "employer" as defined in 42 U.S.C. § 2000e(b), as, on information and belief, it engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Plaintiff is also an "employee" as defined in 42 U.S.C. § 2000e(f), as she is an individual who was at all relevant times employed by Defendant, an employer.

10. Plaintiff and Defendant are also each "persons" as defined in 29 U.S.C. § 203(a).

11. Defendant is also an "employer" as that term is defined by 29 U.S.C. § 203(d), as, on information and belief, it included people acting directly or indirectly in the interest of an employer, in relation to Plaintiff when she was an employee.

12. At all relevant times, Plaintiff was also an "employee" as that term is defined by 29 U.S.C. § 203(e)(1), as she is an individual who was employed by Defendant, an employer.

## BACKGROUND FACTS

13. Plaintiff began her employment with Defendant during or about May of 2018 as a warehouse employee.

14. During or about August of 2018, Plaintiff was promoted to her most recent position with Defendant as a District Manager.

15. Throughout her employment, Plaintiff performed the duties of her job to all legitimate expectations.

16. Beginning during or about April of 2019, Plaintiff's coworker, Joseph Powell ("Powell"), frequently sexually harassed Plaintiff and subjected Plaintiff to unwelcome advances of a sexual nature which include, but are not limited to, the following:

    a. Repeatedly sending Plaintiff unsolicited text messages replete with overt sexual content;

    b. Touching and rubbing Plaintiff's shoulders without her consent;

    c. Making vulgar gestures toward Plaintiff while they were working;

    d. Referring to Plaintiff as "babe";

    e. Repeatedly requesting that Plaintiff go out on a date with him; and

    f. Continually harassing Plaintiff via text message when she did not respond to those requests.

17. Shortly after Powell began engaging in the unwelcome conduct described above, Plaintiff reported Powell's behavior to her supervisor, Ida Hanning ("Hanning").

18. Hanning assured Plaintiff that she would speak to Powell about his conduct, but, on information and belief, Hanning failed to do so.

19. Plaintiff reiterated her complaints to Hanning on multiple occasions, but, on

information and belief, Hanning never alerted her direct supervisor, nor did Hanning discipline Powell for his conduct.

20. To Plaintiff's knowledge, Hanning never made a formal record of Plaintiff's sexual harassment complaints regarding Powell.

21. After Plaintiff's complaints to Hanning regarding Powell and Hanning's apparent failure to address those complaints, Plaintiff applied for a new job at a Verizon Wireless location.

22. Despite Plaintiff's positive job performance with Defendant, Hanning gave Plaintiff's prospective employer a negative reference about Plaintiff.

23. As a result of Defendant's false negative job reference, Plaintiff was unable to secure the new job with Verizon Wireless.

24. Shortly thereafter, Plaintiff resigned from her employment with Defendant, due to Hanning's and Defendant's failure to guarantee Plaintiff a safe, non-hostile working environment free from discrimination and sexual harassment.

25. Although Plaintiff was employed as a District Manager, she spent the majority of her time in the District Manager position performing non-managerial duties, including, but not limited to, completing paperwork for carriers, taking calls from customers, and communicating with stores to ensure accurate and timely deliveries.

26. Although Plaintiff was employed as a District Manager, through common company policies and procedures, she was routinely deprived the opportunity to exercise independent judgment and discretion in matters of significance to her position and to Defendant's business, and Plaintiff's primary job duties and authority were reduced to those of other non-exempt employees working at the same location.

27. Although Plaintiff was employed by Defendant as a District Manager, the management of the enterprise in which she was employed was not a primary duty of her employment, nor was the management of a customarily recognized department or subdivision of that enterprise.

28. Although Plaintiff was employed by Defendant as a District Manager, she did not customarily and regularly direct the work of two or more other employees.

29. Although Plaintiff was employed by Defendant as a District Manager, she did not have the authority to hire or fire other employees, nor were Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion, or change of status of other employees given particular weight by Defendant.

30. During the time Plaintiff was employed by Defendant as a District Manager, Defendant failed to pay Plaintiff one and one-half times her regular wage for all hours worked by Plaintiff in excess of 40 hours in a given workweek.

31. During the time Plaintiff was employed by Defendant as a District Manager, she regularly worked over 40 hours per workweek, and often worked as many as 60 hours per workweek.

32. During the time Plaintiff was employed by Defendant as a District Manager, Defendant paid Plaintiff on a salary basis. Thus, Plaintiff received the same gross amount of pay per workweek, regardless of the number of hours Plaintiff actually worked during each workweek.

33. Plaintiff is informed and believes and based thereon alleges that Defendant willfully enacted this policy and practice for the purpose of avoiding having to Plaintiff for her overtime hours worked, thereby increasing its own profits.

34. During the time Plaintiff was employed as a District Manager, Defendant should

have paid Plaintiff at a rate equal to one and one-half times her regular wage for all overtime hours worked by Plaintiff in excess of 40 hours in any given workweek.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 DUE TO SEX DISCRIMINATION

35. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 34 above as if fully reiterated herein.

36. Defendant, in violation of 42 U.S.C. § 2000e, failed to provide Plaintiff a workplace free from unwanted sexually harassment, and denied and continues to deny Plaintiff an equal opportunity for employment due to her sex, female.

37. During Plaintiff's employment with Defendant at the time her employment ended, Plaintiff was subjected to sexual harassment and sex discrimination. Plaintiff's supervisor failed to investigate her complaints as alleged above and failed to take appropriate action regarding those complaints to stop the hostile work environment to which Plaintiff was subjected.

38. The discriminatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

39. Defendant, through its employees, agents, and/or authorized representatives, knew that its constructive termination and discriminatory treatment of Plaintiff, and its failure to take appropriate action to stop the hostile work environment to which Plaintiff was subjected, violated Title VII, in light of Plaintiff's sex.

40. Defendant, through its employees, agents, and/or authorized representatives, knew that its constructive termination and discriminatory treatment of Plaintiff for reporting sexual

harassment violated Title VII.

41. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of discriminating against Plaintiff because of her sex with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee, because of her sex. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her, but for Defendants' unlawful and illegal discriminatory acts and practices.

42. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages as set forth herein, unless and until they are enjoined by the Court.

**COUNT II**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**DUE TO RETALIATION**

43. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 42 above as if fully reiterated herein.

44. Defendant, in violation of 42 U.S.C. § 2000e, has denied and continues to deny Plaintiff an equal opportunity for employment in retaliation for Plaintiff engaging in the legally protected activity of reporting, and seeking a work environment free from, sexual harassment.

45. During Plaintiff's employment with Defendant and when Plaintiff was constructively terminated by Defendant, she was subjected to retaliation for engaging in a legally protected activity, as set forth above.

46. The retaliatory treatment to which Plaintiff was subjected includes, but is not limited to, the instances alleged above. All of the actions of the individuals described herein were undertaken in their capacities as the employees, agents, and/or authorized representatives of Defendant.

47. Defendant, through its employees, agents, and/or authorized representatives, knew that its retaliation against Plaintiff for reporting sexual harassment violated Title VII.

48. This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendant from maintaining a policy, practice, usage, or custom of retaliating against Plaintiff because of her engagement in a legally protected activity with respect to compensation, terms, conditions, and/or privileges of employment, depriving Plaintiff of equal employment opportunities. This Complaint also seeks restitution to Plaintiff for the denial of all of her rights, privileges, benefits, and income that would have been received by her but for Defendant's unlawful and illegal retaliatory acts and practices.

49. Plaintiff has no plain, adequate, or complete remedy at law to address the wrongs alleged herein, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages as set forth herein, unless and until they are enjoined by the Court.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

50. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 49 above as if fully reiterated herein.

51. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

52. The FLSA regulates, among other things, the payment of overtime pay by

employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

53. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

54. The FLSA provides that "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

55. Defendant failed to compensate Plaintiff at one and one-half times her regular wage for time worked in excess of forty hours per workweek during many pay periods during her employment with Defendant.

56. Defendant, by its failure to fully compensate Plaintiff as set forth above, has violated and continues to violate the FLSA, including but not limited to, 29 U.S.C. § 207.

57. The FLSA, specifically 29 U.S.C. § 213, and its supporting regulations, exempt certain categories of employees from the FLSA's overtime pay obligations. However, none of the FLSA's overtime pay exemptions apply to Plaintiff.

58. The FLSA also provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

59. In light of Defendant's violations of the FLSA as outlined above, Plaintiff is entitled to a judgment against Defendant in the amount of her unpaid overtime compensation, and an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs of this action.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, TONYA EVANS, respectfully prays this Honorable Court enter judgment against Defendant, GANNETT PUBLISHING SERVICES, LLC, as follows:

    a. Awarding Plaintiff all unpaid wages, including wages at a rate not less than 1 1/2 times the regular rate at which Plaintiff was employed for all hours worked over 40 hours during any workweeks, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b);

    b. Declaring the Defendant's practices complained of herein unlawful and in violation of Title VII;

    c. Permanently enjoining Defendant, their agents, successors, officers, employees, representatives, attorneys, and those acting in concert with it or them from engaging in the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    d. Ordering modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law, ensuring Defendant will not continue to discriminate on the basis of sex or retaliate for engaging in a legally protected activity;

e. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory and retaliatory practices of Defendant, and adjusting the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would have received but for the discriminatory and retaliatory practices of Defendant, or awarding Plaintiff front-end and future pay;

f. Compensating and making Plaintiff whole for all earnings, wages, bonuses, and other benefits that Plaintiff would have received but for the discriminatory and retaliatory practices of Defendant;

g. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory and retaliatory practices of Defendant;

h. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this action, including reasonable attorneys' fees;

i. Awarding Plaintiff compensatory and/or punitive damages for Defendant's conduct; and

j. Granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

TONYA EVANS

By: /s/ David B. Levin
Attorney for Plaintiff
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 24, 2020, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff