# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TONYA EVANS, *pro se*, | ) CASE NO.   1:19-cv-02865 |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| GANNET PUBLISHING SERVICES, LLC, | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

On April 21, 2020, this matter was referred by the Honorable Pamela A. Barker to the undersigned Magistrate Judge for a mediation/settlement conference to occur in November of 2020. (R. 16). On April 29, 2020, the Magistrate Judge issued an order setting the date of the mediation for November 17, 2020. (R. 18, PageID# 106). The same order also required that each party submit a confidential mediation statement by November 10, 2020. (R. 18, PageID# 107).

In the interim, Plaintiff's counsel filed a motion for leave to withdraw as counsel on September 2, 2020, representing that "Plaintiff has failed to respond to voicemail messages, email[] messages, and correspondence from her attorney, and has otherwise failed to maintain contact with her attorney to assist in the prosecution of her claims." (R. 19, PageID# 111). The District Judge granted the motion to withdraw, and the court mailed the order to Plaintiff's address provided by her counsel in the motion to withdraw. No other counsel has entered an appearance on Plaintiff's behalf; and Plaintiff *pro se* has neither contacted the court nor made any filings.

On October 21, 2020, the Magistrate Judge ordered that the mediation would still occur on November 17, 2020, but due to the impact of COVID-19, it would occur via videoconference and/or teleconference, rather than in-person. The Magistrate Judge also ordered Plaintiff to "contact the court at…to provide her contact information (email address and telephone number) so that the court can provide the updated video/teleconferencing instructions[.]" (R. 21, PageID# 116). The court mailed this order to Plaintiff. The Magistrate Judge reminded all parties that the other requirements set forth in the original order setting the mediation conference remained in place.

On November 16, 2020, the court issued another order cancelling the scheduled mediation due to Plaintiff's lack of a response, and again ordered Plaintiff to provide the contact information required in the court's order dated October 21, 2020. (R. 22, PageID# 118). The court set a deadline of November 23, 2020, and explicitly warned Plaintiff that failure to comply with the court's orders may result in a recommendation that this matter be dismissed with prejudice for want of prosecution. *Id*.

As of today's date, despite multiple orders, Plaintiff has: (1) failed to provide the court with the requested contact information; (2) failed to demonstrate her intention to pursue this action; (3) failed to provide the court with her mediation statement; and (4) failed to move for a continuation of the mediation. It bears noting that the address on the docket was provided by Plaintiff's former counsel (R. 20), and that none of the court's orders have been returned as undeliverable or unable to be forwarded. Further, if Plaintiff's address has changed, she has not provided the court with a change of address.

"Although *pro se* litigants are held to less stringent standards than attorneys, dismissal of a case for lack of prosecution is appropriate when a *pro se* litigant fails to adhere to readily

2

comprehended court deadlines." *May v. Pike Lake State Park*, 8 Fed. App'x 507, 508 (6th Cir. 2001). In a related context, Plaintiff has "an affirmative duty to supply the court with notice of any and all changes in her address." *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (citations omitted); *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of *pro se* plaintiff's civil rights complaint for want of prosecution because he failed to keep the district court apprised of his current address). In addition, this court has stated "[b]ecause Plaintiff has not allowed the Court or the [defendant] to remain in contact with her, and has not otherwise remained in contact with the Court, the Court has no way to proceed in this case. Dismissal is the only sanction available here to protect the integrity of pre-trial procedures and avoid unnecessary burdens on the courts and opposing parties." *Harkleroad v. Astrue*, 4:03-CV-15, 2011 U.S. Dist. LEXIS 91734, 2011 WL 3627161 (N.D. Ohio Aug. 17, 2011).

Considering all of the above, it is readily apparent—based on Plaintiff's unresponsiveness to both her prior counsel and to this court's orders—that Plaintiff has no intention of pursuing this action further. It is therefore recommended that this action be dismissed for want of prosecution.

s/ *David A. Ruiz*
United States Magistrate Judge

Date: December 1, 2020

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the district court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**; *Thomas v. Arn*, **474 U.S. 140 (1985)**, *reh'g denied*, **474 U.S. 1111 (1986).**